UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED FEB 13 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| IN RE SEARCH OF: )<br>DIGITAL FILES ASSOCIATED WITH )<br>YASSERNADER93@GMAIL.COM )<br>THAT ARE IN THE CUSTODY OF THE )<br>FEDERAL BUREAU OF )<br>INVESTIGATION LOCATED AT )<br>9325 DISCOVERY BOULEVARD, )<br>MANASSAS, VIRGINIA 20109 ) | **UNDER SEAL**<br><br>CRIMINAL NO. 1:19-SW-94 |

## MOTION OF THE UNITED STATES FOR SEALING ORDER

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, now asks for an order to seal the search warrant, application, supporting affidavit, and this motion and proposed order, until the United States makes a motion to unseal these materials.

### I. Reasons for Sealing (*See* Local Rule 49(B)(1))

1. At the present time, law enforcement officers are conducting an investigation into violations related to child exploitation. It is unclear whether the individual(s) who are being investigated are currently aware of the ongoing matter, or its scope.

2. Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving those investigated an opportunity to flee prosecution, destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates. If such information were made public at this time, it would jeopardize the ongoing investigation by causing a certain suspect, who is believed to reside overseas, to remain outside the reach of U.S. law

enforcement. A sealing order is, thus, necessary to avoid hindering the ongoing investigation in this matter.

3. The United States has considered alternatives less drastic than sealing and has determined that none would suffice to protect this investigation.

## II. The Governing Law (*See* Local Rule 49(B)(2))

4. It is generally recognized that the public has a qualified common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrants. *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). Because that right is qualified, a judicial officer may deny access to search warrant documents if sealing is "essential to preserve higher values" and "narrowly tailored to serve that interest." *Id.* (internal citations omitted).

5. Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6. Regarding the notice requirement in the specific context of search warrants, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.* Accordingly, in the context of search warrants,

"the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Id.* at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

7. Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal.").

## III. Period of Time the United States Seeks to Have Matter Remain Under Seal (*See* Local Rule 49(B)(3))

8. Pursuant to Local Rule 49(B)(3), the search warrant materials will remain sealed until the need to maintain the confidentiality of these materials and the related investigation expires, after which time the United States will move to unseal the materials.

9. Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to execute the application, and at a future time, to provide copies of the application and warrant as necessary to fulfill its discovery obligations to any defendant or defendants charged in relation to this investigation.

WHEREFORE, the United States respectfully requests that the search warrant, application, supporting affidavit, and this motion and proposed order be sealed until the United States makes a motion to unseal.

Date: February 12, 2019

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Laura Fong
Assistant U.S. Attorney